Anthony A. SMITH, Jr. Petitioner,

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3144.

United States Court of Appeals, Federal Circuit.

Oct. 5, 2001.

Rehearing Denied Dec. 6, 2001.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Anthony A. Smith, Jr. seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming his removal from the Department of Veterans Affairs ("DVA") for (1) failure to follow leave procedures and (2) absence without approved leave ("AWOL") for forty-three days prior to the date of the proposed removal notice. *Smith v. Dep't of Veterans Affairs,* 87 M.S.P.R. 533, No. SF–0752–99–0490–I–1 (November 21, 2000). Because there is substantial evidence of record supporting the Board's determination, we *affirm.*

## I. BACKGROUND

Mr. Smith was employed by the DVA as a Police Officer, GS–6. On January 5, 1998, the DVA suspended Mr. Smith for AWOL and failing to follow leave procedures. On April 23, 1998, the DVA issued Mr. Smith a written notice discussing his abuse of sick leave. The DVA advised Mr. Smith to improve his leave usage pattern. As of June 17, 1998, Mr. Smith had exhausted his annual sick leave. Nevertheless, on June 17 and 18, 1998, Mr. Smith requested additional sick leave. Because Mr. Smith had exhausted his sick leave, his supervisors changed the request to leave without pay ("LWOP") in lieu of sick leave. On June 19, 1998, the DVA issued Mr. Smith a notice of request for medical certification. The notice informed Mr. Smith that he had used 62 hours of sick leave, 62.5 hours of annual leave in lieu of sick leave, and 46 hours of LWOP in lieu of sick leave (together, approximately twenty days). The

notice required Mr. Smith to "submit a doctor's certificate upon return to duty for all leave used due to illness and/or injury."

The DVA heard no response from Mr. Smith for several weeks. On July 10, 1998, Mr. Smith's supervisor left several messages telling him to contact his supervisors if he could return to duty. Mr. Smith's supervisor informed him to provide medical documentation to support his continued absence. On July 12, 1998, Mr. Smith left a voicemail message stating that he was waiting for medical clearance to return to work. However, Mr. Smith never returned to work, did not describe his current state of health, and did not provide any medical documentation. On July 23, 1998, the DVA informed Mr. Smith that he was being placed on AWOL status as of June 18, 1998 because he had failed to support his absence with a proper medical certification and had not properly requested leave. Mr. Smith was also ordered to report to work on July 29, 1998 or contact the Police Department chief. Mr. Smith did not comply with the order.

On August 18, 1998, the DVA issued a notice of proposed removal to Mr. Smith. The notice charged Mr. Smith with (1) failure to follow leave procedures and (2) AWOL for the period beginning June 18, 1998, through and including August 18, 1998. On August 27, 1998, Mr. Smith appeared at the agency work site to interview for another position in the police department. At that time, he did not attempt to contact his supervisor or the Police Department chief. Instead, he requested additional sick leave from another officer, Sergeant Mayberry. At this time, Mr. Smith also presented to Sergeant Mayberry a medical "visit verification" form issued on August 27, 1998 by a health maintenance organization. The "visit verification" form stated that Mr. Smith was first seen on August 27, 1998,

but does not provide a diagnosis or identify any medical condition. Mr. Smith was terminated effective October 19, 1998.

Mr. Smith timely appealed to the Board. On May 1, 1998, an administrative judge ("AJ") of the Board affirmed the decision to remove Mr. Smith. The AJ found that Mr. Smith did not appear for duty between June 18, 1998 and August 18, 1998. Moreover, the AJ found that the "visit verification" form was "not credible medical evidence showing that the appellant had any particular, identified medical condition or that that [sic] his unnamed condition precluded or limited his ability to do his work." Thus, the AJ determined that Mr. Smith failed to provide an adequate medical certification for the period at issue. The AJ also found that the DVA had established that Mr. Smith failed to comply with the proper procedure for requesting leave. Accordingly, the AJ sustained the charges and determined that the penalty of removal was reasonable for the circumstances. On November 21, 2000, the decision became final when the full Board denied the petition to review the AJ's decision. The Board determined that Mr. Smith had presented no new evidence and that the AJ had made no legal error affecting the outcome. Mr. Smith timely appealed to this court.

## II. STANDARD OF REVIEW

This court's scope of review over decisions of the Board is limited by statute. We must affirm the decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Personnel Management,* 791 F.2d 138, 140 (Fed.Cir.

1986). Our function as a reviewing court is to determine whether the Board's findings are supported by substantial evidence; we do not perform a *de novo* review of the facts. *Bevans v. Office of Personnel Management,* 900 F.2d 1558, 1565 (Fed.Cir.1990). Thus, the Board's decision must be sustained if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bradley v. Veterans Admin.,* 900 F.2d 233, 234 (Fed.Cir. 1990).

### III. DISCUSSION

■ The agency has the burden of proving its charges by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B) (1994). To sustain a charge of AWOL, the agency must show that the employee was absent and either that (1) the absence was unauthorized or (2) that request for leave was properly denied. *Scorcia v. United States Postal Serv.,* 78 M.S.P.R. 588, 590 (1998). In this case, Mr. Smith argues that he properly requested leave, and that such request was improperly denied. In such instances, the agency must show by a preponderance of the evidence that its decision to deny leave was not arbitrary or capricious, and was based on legitimate management reasons. *Cooke v. United States Postal Serv.,* 67 M.S.P.R. 401, 404 (1995). The AJ found that the DVA established by a preponderance of the evidence that Mr. Smith's absence was unauthorized, and that the agency's denial of leave was reasonable under the circumstances. In arriving at this determination, the AJ examined all of the relevant evidence, including the "visit verification" form submitted by Mr. Smith. However, the AJ determined that the "visit verification" form was not credible medical evidence demonstrating that Mr. Smith's "unnamed condition precluded or limited his ability to do work."

Mr. Smith argues that he properly informed the DVA that he was ill, and made an appropriate request for sick leave. Mr. Smith asserts that he fulfilled the sick leave requirements pursuant to Article 32 of the Master Agreement between the Department of Veterans Affairs and the American Federation of Government Employees ("Master Agreement"). Mr. Smith contends that he notified the DVA of his illness on June 17, 1998, June 21, 1998, and August 27, 1998. However, according to the Master Agreement, any employee requesting leave for more than three consecutive days "may be required to furnish evidence of the need for sick leave." The Master Agreement states that an employee may justify the request for sick leave by "medical certification" from a physician. The certification must include a statement that the employee was incapacitated for work and the dates of incapacitation.

The Master Agreement provides that employees are also governed by applicable federal regulations, and tracks regulations that allow sick leave "only when supported by administratively acceptable evidence" such as a medical certificate. 5 C.F.R. § 630.403(a) (2001). However, the Master Agreement provides that employees are not required "to reveal the nature of the illness as a condition for approval of sick leave." We have examined the "visit verification" form, and agree that it does not constitute a "medical certification" or other "administratively acceptable evidence." Although the medical certification need not reveal the nature of the illness, it must include a determination *by medical personnel* that the employee was incapacitated for work. In this case, the "visit verification" form merely recites what Mr. Smith told the examiner: that he was unable to work. The "visit verification" is not a determination by medical personnel

that Mr. Smith was unable to work. Accordingly, we defer to the AJ's determination that the documentation was not an adequate medical certification justifying Mr. Smith's lengthy absence. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir.1986) (extreme deference is given to an AJ's evidentiary and credibility determinations).

Mr. Smith also argues that the AJ erred by relying on the fact that Mr. Smith did not have any remaining sick leave. Mr. Smith argues that, according to the Master Agreement, employees have a right to request LWOP when there is a lack of accumulated sick leave. Specifically, Mr. Smith contends that the granting of LWOP is non-discretionary when requested "for medical treatment." However, when an agency requires a medical certification for unpaid leave, federal regulations provide that the medical certification include the "appropriate medical facts ... regarding the serious health condition." 5 C.F.R. § 630.1207(b)(3). It is true that an employee may request LWOP in lieu of sick leave. Nevertheless, the employee is still required to provide an adequate medical certification. Thus, for the same reasons discussed above, we defer to the AJ's determination that the documentation was not an adequate medical certification. The AJ's determination on this matter was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. It is undisputed that Mr. Smith did not report to work between June 18, 1998 and August 18, 1998. Because the AJ properly determined that the "visit verification" form was not an adequate medical certification, there is substantial evidence in the record to support the finding that Mr. Smith's request for leave was properly denied, and thus his absence was unauthorized.

■ Mr. Smith also argues that the decision to remove him was reached in violation of procedural regulations. He has failed to show, however, any procedural error by the agency or how any error likely had a harmful effect upon the outcome of his case. Finally, Mr. Smith contends that the penalty of termination was disproportionate for the offense. Mr. Smith points to his twelve years of agency service and twenty-nine years of federal service. It is true that length of service is a factor to be considered when assessing a proper punishment. *Douglas v. Veterans Admin.*, 5 M.S.P.B. 313, 5 M.S.P.R. 280, 305 (1981). However, it is but one of several *Douglas* factors considered by the agency and the AJ in this case. Indeed, the AJ remarked that Mr. Smith's length of service "appears to be *the only* significant factor that is in his favor." The AJ also considered the seriousness of the AWOL charges, Mr. Smith's past disciplinary record, his ability to comply with agency procedures, his potential for rehabilitation, and the consistent nature of the punishment. The Board properly considered the *Douglas* factors, and its findings were not arbitrary, capricious, or an abuse of discretion.

We have also considered Mr. Smith's other allegations, including his contention that the AJ failed to consider various statutes, regulations, and provisions of the Master Agreement. We find these additional contentions to be without merit. Because the Board's affirmance of the agency's removal of Smith was based on substantial evidence, was not contrary to law, and was not an abuse of discretion, we affirm the Board's decision.